UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH R. DONCHATZ,

                              Plaintiff,

            -vs-                                    14-CV-194-JTC

HSBC BANK USA, N.A.,
HSBC MORTGAGE SERVICES,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MERSCORP HOLDINGS, INC.,
INTERVALE MORTGAGE CORPORATION,
STEPHEN D. MILES, ESQ.,
VINCENT A. LEWIS, ESQ.,
DARRYL E. GORMLEY, ESQ.,
MICHAEL WIERY, ESQ., and
CHRISTOPHER RIBBECK,

                              Defendants.
_____

        In the original complaint in this action, filed on March 21, 2014, plaintiff Kenneth R.

Donchatz sought damages and other forms of relief against several financial institutions,

mortgage companies, attorneys, and others based on causes of action for conspiracy to

slander title to property; abuse of process; unjust enrichment; and violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, arising out of foreclosure litigation in the

Court of Common Pleas, Franklin County, Ohio.   *See* Item 1 (Complaint).   In lieu of

answering the complaint, all defendants moved pursuant to Rule 12 of the Federal Rules

of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can

be granted and/or lack of personal jurisdiction.   Plaintiff responded to the motions, and

moved pursuant to Fed. R. Civ. P. 15 for leave to amend the complaint in order to plead

additional facts, correctly name the defendants, and add causes of action for fraud and slander of title.  Upon stipulation (Item 46) and order entered September 8, 2014 (Item 47), the motions to dismiss were withdrawn without prejudice and without waiving any defenses asserted therein, service of the amended complaint was accepted, and the amended complaint (Item 48) was filed on September 10, 2014.

All defendants have now moved to dismiss the amended complaint.  Items 49, 51, 53, 55.  Upon consideration of the parties' submissions, and for the reasons that follow, defendants' motions are granted in their entirety.

## BACKGROUND

The following summary of the factual background is derived from the pleadings and pertinent materials submitted in connection with the present motions.[1]

On or about August 24, 2006, plaintiff executed a promissory note (the "Note") for a loan in the amount of $322,500.00, plus interest, made payable to Intervale Mortgage Company ("Intervale") for the purchase of a home and property located at 4313 Smothers Road, Westerville, Ohio (the "Property").  *See* Item 48-2 (Amended Complaint, Ex. A).  To secure the Note, plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee in a nominee capacity for

---

[1]In adjudicating the motions, the court is entitled to consider facts stated in the complaint or in documents attached to it as exhibits or incorporated in it by reference, *see Xin Wei Lin v. Chinese Staff & Workers' Ass'n*, 527 F. App'x 83, 85 (2d Cir. 2013), as well as "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint ....  *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch Co.*, 396 F.3d 161 (2d Cir. 2005); *see also Zaffuto v. Peregrine Health Management*, 280 F.R.D. 96, 98 (W.D.N.Y. 2012) ("Where a defendant moves for dismissal under Rule[ ] ... 12(b)(2) (lack of personal jurisdiction), ... the court may consider materials outside the pleadings in deciding the motion.").

Intervale and its successors and assigns.  Item 48 (Amended Complaint), ¶ 28; *see* Item 53-4 (Zarlock Decl., Ex. B).  The Mortgage was recorded in the Franklin County, Ohio Recorder's Office on August 28, 2006, as Instrument Number 200608280170653.  *See id.*.

On January 14, 2010, MERS (as nominee for Intervale) filed a complaint in the Court of Common Pleas, Franklin County, Ohio, labeled "Complaint in Foreclosure and Marshalling of Liens and Notice Under the Fair Debt Collection Practices Act," Case No. 10CVE0100547, alleging default on the Note and seeking foreclosure on the Mortgage and sale of the Property.  *See* Item 48-5 (Amended Complaint, Ex. D).  Attorneys Stephen D. Miles and Vincent A. Lewis, of Dayton, Ohio, are listed on the foreclosure complaint as attorneys of record for MERS.  *Id.* at p. 4.

On February 4, 2010, a "Corporate Assignment of Mortgage" was recorded in the Franklin, Ohio County Clerk's Office as Instrument Number 201002040014355 (the "Assignment") listing MERS (as nominee for Intervale) as "Assignor" and HSBC Mortgage Services, Inc. ("HSBC") as "Assignee" of the Note and Mortgage.  *See* Item 48-7 (Amended Complaint. Ex. F).  The Assignment was executed by Christopher Ribbeck, as Vice-President of MERS.  *Id.*  On February 24, 2010, the Court of Common Pleas granted MERS' motion to substitute HSBC as the party plaintiff in Case No. 10CVE0100547 (referred to herein as the "*HSBC/MERS* Action"), by virtue of the Assignment.  *See* Item 48, ¶¶ 50, 64(h); Item 61 (Donchatz Aff.), ¶ 9.  The *HSBC/MERS* Action was subsequently settled on or about March 26, 2010, upon plaintiff's payment of $31,179.70 to HSBC.  Item 48, ¶ 55.

On December 2, 2011, a second foreclosure action relating to the Property was filed in the Franklin County Court of Common Pleas, captioned *Shrock Premier Custom Constr., LLC v. Donchatz, et al.*, Case No. 11CV014921 (referred to herein as the "*Shrock* Action"), seeking foreclosure on a promissory note and mortgage in the amount of $359,805.00, executed by plaintiff on December 30, 2008, and recorded in the Franklin County, Ohio Recorder's Office on January 15, 2009, as Instrument Number 200901150006158. *See* Item 53-5 (Zarlock Decl., Ex. B) (*Shrock* Complaint). The complaint in the *Shrock* Action named HSBC as a co-defendant with Mr. Donchatz, based on HSBC's potential interest in the Property by virtue of the above-referenced Assignment of the prior Note and Mortgage. *Id.* at ¶ 16. On February 15, 2013, attorney Richard J. LaCivita, Esq., associated with the Solon, Ohio law firm Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. ("Reimer Arnovitz"), filed a motion in the *Shrock* Action seeking leave to file a belated answer and cross-claim on behalf of HSBC in order to protect its interest in the Property, HSBC having failed to timely respond to the complaint (*see* Item 48-9, Amended Complaint, Ex. H). Shrock Premier and Mr. Donchatz then filed separate motions for default judgment, and on April 3, 2013, attorneys Darryl E. Gormley and Michael Wiery from the Reimer Arnovitz firm entered their appearances in the *Shrock* Action by filing memoranda in opposition to the motions. *See* Item 48, ¶ 65(c). On or about March 20, 2014, the Franklin County Court of Common Pleas denied HSBC's motion for leave to interpose an answer and cross-claim (*see* Item 45-1, ¶ 1), and on the next day – March 21, 2014 – Mr. Donchatz filed his complaint in this action.

-4-

Plaintiff alleges that attorneys Miles and Lewis filed the *HSBC/MERS* foreclosure action in January 2010 with knowledge that MERS was judicially estopped from claiming any pecuniary interest in the Note and Mortgage on the Property by virtue of a decision by the Supreme Court of Nebraska in *Mortgage Electronic Registration Systems, Inc. v. Nebraska Dept. of Banking and Finance*, 270 Neb. 529, 704 N.W.2d 784 (Neb. 2005) (*see* Item 48, ¶¶ 33, 39-40), and that the subsequent Assignment of the Note and Mortgage was therefore void as a matter of law (*id.* at ¶ 48).  Plaintiff also claims that the Assignment was invalid because defendant Ribbeck falsely represented that he was a Vice President of MERS at the time the Assignment was prepared and executed (*id.* at ¶¶ 43-47), and that the recording of the "knowingly false Assignment" was "malicious and defamatory against the Property and [plaintiff], causing him special damages of public humiliation, diminution of value of the Property and injuring [plaintiff] in his profession and law practice." *Id.* at ¶ 51.  Plaintiff further alleges that defendants Gormley and Wiery have continued to pursue HSBC's invalid interest in the Property by virtue of their failed attempt to plead a foreclosure counterclaim in the *Shrock* Action, notwithstanding their knowledge that the Assignment was void. *Id.* at ¶¶ 60-63.

On the basis of these allegations, plaintiff asserts causes of action for "Civil Conspiracy to Slander [Plaintiff]'s Title to the Property" against defendants MERS, Intervale, HSBC, Miles, Lewis and Ribbeck (First Cause of Action) (Item 1, ¶¶ 67-71); "Abuse of Process" against all defendants (Second Cause of Action) (*id.* at ¶¶ 72-77); "Unjust Enrichment" against defendants MERS, Intervale, HSBC, Miles and Lewis (Third Cause of Action) (*id.* at ¶¶ 78-84); "Fraud" against all defendants (Sixth Cause of Action)

(*id.* at ¶¶ 105-110); and "Slander of Title" against all defendants (Seventh Cause of Action) (*id.* at ¶¶ 111-119).  Plaintiff also alleges that, "[b]y bringing suit for foreclosure, Defendants are acting as 'debt collectors' as defined in [the FDCPA]," *id.* at ¶ 87, thereby giving rise to causes of action against all defendants for violations of the FDCPA (Fourth Cause of Action) (*id.* at ¶¶ 86-94) and the FCRA (Fifth Cause of Action) (*id.* at ¶¶ 95-104).

Defendants Miles, Lewis, Gormley and Wiery move pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss the complaint as against them for lack of personal jurisdiction, claiming insufficient minimum contacts or purposeful availment of the privilege of doing business in New York to render the court's exercise of jurisdiction reasonable under the circumstances.  *See* Items 49, 51, 55-3.  Defendants Gormley and Wiery also move pursuant to Rule 12(b)(6) to dismiss the claims asserted against them for failure to commence this action under the applicable statute of limitations, and/or failure to state a plausible claim upon which relief can be granted.  *See* Item 55-3.  Defendants MERS, HSBC, and Ribbeck (referred to herein collectively as the "HSBC/MERS defendants") also seek dismissal of the claims against them as time-barred and/or for failure to state a plausible claim for relief under any of the causes of action pleaded.  *See* Item 53-1.

## DISCUSSION

### I.   Standards on a Motion to Dismiss for Lack of Personal Jurisdiction

Defendants Miles, Lewis, Gormley and Wiery, all residents of the State of Ohio, seek to dismiss the claims made against them pursuant to Rule 12(b)(2) for lack of personal jurisdiction.   It is plaintiff's burden to establish that the court has personal jurisdiction over these defendants.  *See Robinson v. Overseas Military Sales Corp.*, 21

F.3d 502, 507 (2d Cir. 1994); *McQueen v. Huddleston*, 17 F. Supp. 3d 248, 250 (W.D.N.Y. 2014).  Prior to discovery, plaintiff satisfies this burden by " 'pleading in good faith, legally sufficient allegations of jurisdiction.' " *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt*, S.A., 902 F.2d 194, 197 (2d Cir. 1990)).  At this point, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Ball*, 902 F.2d at 197; *see also Weinar v. Lex*, 2014 WL 325698, at *2 (S.D.N.Y. Jan. 23, 2014).  This showing may be made through affidavits and supporting materials "containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010); *see also AEP–PRI Inc. v. Galtronics Corp. Ltd.*, 2013 WL 4400833, at *4 (S.D.N.Y. Aug. 13, 2013).

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994), quoted in *Zywinski v. Alsenas*, 2007 WL 1791224, at *2 (W.D.N.Y. June 19, 2007).  The court therefore must first examine if the exercise of jurisdiction over defendants Miles, Lewis, Gormley and Wiery is appropriate under New York's long-arm statute, N.Y. Civ. Prac. L. & R. ("C.P.L.R.") § 302(a), which authorizes the exercise of personal jurisdiction over non-domiciliaries in certain circumstances*. See e.g., Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).  If personal jurisdiction is authorized under C.P.L.R. § 302(a), the court must then determine if the exercise of jurisdiction complies with the requirements

of due process. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567

(2d Cir.), *cert. denied*, 519 U.S. 1006 (1996); *Zywinski*, 2007 WL 1791224, at \*2.

C.P.L.R. § 302(a) provides in full:

(a) Acts which are the basis of jurisdiction.  As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

C.P.L.R. § 302(a).  In determining whether personal jurisdiction may be exercised under

section 302(a)(1), the court must determine "(1) whether the defendant transacts any

business in New York and, if so, (2) whether this cause of action arises from such a

business transaction."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50,

60 (2d Cir. 2012) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007);

*Deutsche Bank Sec., Inc. v. Montana Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)).  As explained

by the New York Court of Appeals, section 302(a)(1) "is a 'single act statute' and proof of

one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden*, 71 N.Y.2d 460, 467 (1988); *see also Weiss v. Barc, Inc.*, 2013 WL 2355509, at *3 (S.D.N.Y. May 29, 2013) ("[T]he transaction must be such that the defendant purposefully availed himself of the privilege of conducting activities in New York, thereby invoking the benefits and protections of New York law.") (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253–54 (2d Cir. 2007)).

Plaintiff relies entirely on section 302(a)(1) to establish personal jurisdiction over defendants Miles, Lewis, Gormley and Wiery, alleging that as attorneys for MERS and HSBC, they transacted business within the State of New York by way of their association with Christopher Ribbeck, who executed the purported Assignment on behalf of MERS. Plaintiff claims that Mr. Miles and Mr. Lewis directly engaged Mr. Ribbeck at his office on Walden Avenue in Depew, New York, and worked with him to prepare and execute the Assignment in order to address plaintiff's assertion in the underlying Ohio foreclosure action that MERS had no pecuniary interest in plaintiff's property and was without legal authority to hold the Note and Mortgage. Plaintiff also claims that Mr. Gormley and Mr. Wiery relied upon the Assignment in making their unsuccessful motion to interpose an answer and counterclaim on behalf of HSBC in the *Shrock* foreclosure action, and have otherwise worked with Mr. Ribbeck to provide further information or prepare him to testify in that ongoing action as the only witness who could offer any evidence about the validity of the transfer of MERS' interest in the Note and Mortgage to HSBC.

To counter these allegations, defendants Miles, Lewis, Gormley and Wiery have submitted sworn affidavits outlining their respective roles as legal counsel in connection with the Ohio foreclosure actions described above.   All four are Ohio residents duly licensed to practice law in the State of Ohio.[2]   Mr. Miles and Mr. Lewis affirm that, as attorneys for HSBC/MERS, they had no contact whatsoever with Mr. Ribbeck or anyone in New York State in connection with their handling of the underlying foreclosure action, and had nothing to do with obtaining or drafting the Assignment of the Note and Mortgage that was submitted to the Court of Common Pleas as a basis for substitution of HSBC for MERS as party plaintiff in that action.   Both attorneys further affirm that the executed Assignment was sent to their law offices from an HSBC office in Florida, and Mr. Miles additionally states that upon obtaining the document he simply filed it with the Ohio court in support of the motion to substitute parties.   *See* Items 49, 51, 63-1, 63-2.

Mr. Gormley and Mr. Wiery attest that their law firm, Reimer Arnovitz, was retained by HSBC in or around 2012 to defend the *Shrock* Action, and that in February 2013 another Reimer Arnovitz lawyer–Mr. LaCivita–filed the unsuccessful motion for leave to file a belated answer and cross-claim in that action.   Both Mr. Gormley and Mr. Weiry state that their involvement in the *Shrock* Action was limited to communication with HSBC's legal department in Florida, with no contact or other transaction of business whatsoever with Mr. Ribbeck or anyone else in New York State.   *See* Items 55-1, 55-2.

For his part, plaintiff makes the argument that even if the only contact these defendants had with Mr. Ribbeck occurred through HSBC's Florida office, Mr. Ribbeck's

---

[2]Mr. Gormley affirms that he also maintains a license to practice law in New York, but has not actively done so since at least 2002.  Item 55-1, ¶ 7.

preparation and execution of the Assignment made him a critical witness in both foreclosure actions, and minimum standards of professional conduct would require counsel to have a continuing relationship with Mr. Ribbeck in order to properly conduct litigation on HSBC's behalf.  Thus, plaintiff contends that it would be implausible to conclude that these lawyers conducted their prosecution of the *HSBC/MERS* Action, or their defense of the *Shrock* Action, without any direct transaction of business with Mr. Ribbeck in New York.

However, the Second Circuit has repeatedly reminded the district courts that, in considering whether the plaintiff has made a sufficient *prima facie* factual showing to survive a motion to dismiss for lack of personal jurisdiction, the court cannot "draw 'argumentative inferences' in the plaintiff's favor," *Licci ex rel. Licci*, 673 F.3d at 59 (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)), nor is it "required 'to accept as true a legal conclusion couched as a factual allegation.' " *Id.* (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).  To accept plaintiff's conjectural argument regarding the proper discharge of professional obligations as a sufficient averment of creditable facts to establish personal jurisdiction over these defendants, the court would have to reject outright the sworn statements of four attorneys of good standing duly licensed to practice in the State of Ohio that they did not transact any business with defendant Ribbeck or anyone else in a manner that could be considered purposeful availment of the privilege of conducting activities in New York so as to invoke the benefits and protections of its laws.

Moreover, plaintiff's jurisdictional averments do not establish the requisite "substantial relationship" between these defendants' purported transaction of business in

New York and their alleged conduct in Ohio to demonstrate that the claims in this case "arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Management, LLC*, 450 F.3d 100, 104 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)). In this regard, New York courts have held that a claim "aris[es] from" a particular transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon," *McGowan*, 52 N.Y.2d at 272, or when "there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988). A connection that is "merely coincidental" is insufficient to support jurisdiction. *Johnson v. Ward*, 4 N.Y.3d 516, 520 (2005).

In this case, plaintiff alleges that these four Ohio attorneys sought to foreclose on his property in Ohio by bringing claims in the Ohio courts on behalf of HSBC, a Delaware corporation headquartered in Florida, with knowledge that HSBC's interest in the property was based on an Assignment (executed in New York) that was void as a matter of law, thereby giving rise to the seven causes of action set forth in the amended complaint. Plaintiff has not, however, identified any substantial articulable nexus between the causes of action sued upon and the business that these four lawyers allegedly transacted in New York through their association with defendant Ribbeck. Rather, as set forth on the face of the amended complaint, the alleged invalidity of the Assignment is a consequence of MERS' lack of an assignable pecuniary interest in the Note and Mortgage, not as a direct consequence of any specific transaction of business in New York by any of these four defendants. *See* Item 48, ¶ 33. Thus, any connection between these defendants' alleged

transaction of business with defendant Ribbeck in New York, and his execution of the Assignment as "an intentional act *ultra vires*," *id.* at ¶ 48, can only be considered as coincidental, and insufficient to support jurisdiction.  *Johnson*, 4 N.Y.3d at 520.

Based on this assessment, the court finds that plaintiff has failed to establish that the factual allegations in the pleadings, affidavits, and supporting materials constitute a sufficient *prima facie* showing to authorize the exercise of personal jurisdiction over defendants Miles, Lewis, Gormley and Wiery under C.P.L.R. § 302(a).  Accordingly, the court need not consider whether the exercise of jurisdiction over these defendants complies with the requirements of due process, and all claims set forth in the amended complaint against defendants Miles, Lewis, Gormley and Wiery are therefore dismissed for lack of personal jurisdiction.

## II.     Standards on a Motion to Dismiss for Failure to State a Claim

The HSBC/MERS defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims against them as time-barred by the applicable statutes of limitations, and/or for failure to state a plausible claim for relief under any of the causes of action pleaded.  In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).  In order to survive the motion to dismiss, the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' "  *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir.  2010) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)); *Hunter v. Capital Management Services, LP*, 2013 WL 6795630, at *2 (W.D.N.Y. Dec. 19, 2013).   This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662,  678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) (motion to dismiss an action as barred by statute of limitations "is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

## A.      Slander of Title/Civil Conspiracy

Viewing the allegations in the amended complaint under these liberal standards, plaintiff claims that the HSBC/MERS defendants slandered plaintiff's title to the Property (Seventh Cause of Action), and conspired to do so (First Cause of Action), by filing the invalid "Corporate Assignment of Mortgage" in connection with the *HSBC/MERS* and *Shrock* foreclosure actions.  *See* Item 48, ¶¶ 68-71, 112-119.  To establish a claim for slander of title under New York or Ohio law, plaintiff must show that there was "(1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages."  *Fink v. Shawangunk Conservancy, Inc.*, 15 A.D.3d 754, 756, 790 N.Y.S.2d 249, 251 (3rd Dep't 2005) (citing *Brown v. Bethlehem Terrace Assoc.*, 136 A.D.2d 222, 224, 525 N.Y.S.2d 978 (3rd Dep't 1988)); *accord Green v. Lemarr*, 744 N.E.2d 212, 224 (Ohio Ct. App. 2d 2000).  New York

law does not generally recognize civil conspiracy to commit a tort as an independent cause of action. *See Kent v. Drought*, 2012 WL 3779485, *6 (W.D.N.Y. Aug. 31, 2012) (collecting cases). Rather, conspiracy allegations "are permitted only to connect the actions of separate defendants with an otherwise actionable tort." *Alexander & Alexander*, 68 N.Y.2d 968, 969 (1986). Ohio law does recognize a substantive claim for civil conspiracy, but only under limited circumstances not present here. *Cf. Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, 476 F. Supp. 2d 809, 825 (S.D.Ohio 2007) ("to establish a claim of civil conspiracy, plaintiff must allege: (1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.") (citing *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863 (Ohio Ct. App. 3d 1995).

Regardless of whether these claims might be analyzed on their merits under New York or Ohio law, they are subject to the one-year statute of limitations of C.P.L.R. § 215(3),[3] which began to run on the date the allegedly slanderous statements were uttered or published. *Reach Music Publishing, Inc. v. Warner/Chappell Music, Inc.*, 2011 WL 3962515, at *6 (S.D.N.Y. Sept. 7, 2011) (citing *Karam v. First Am. Bank of N.Y.*, 190 A.D. 2d 1017, 1017, 593 N.Y.S.2d 640, 642 (4th Dep't 1993)). Accepting as true the allegations in the amended complaint, the slander of title occurred upon publication by the filing and recording of the allegedly invalid Assignment document in the Franklin, Ohio County Clerk's Office on February 4, 2010. *See* Item 48, ¶ 112. Thus, to be timely for the

---

[3]The parties do not dispute that New York law, and not Ohio law, applies to the court's statute of limitations analysis. *See Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626-627 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations. New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York").

purposes of this action, plaintiff's claims for slander of title (and, if viable, civil conspiracy to slander title) must have been commenced on or before February 4, 2011.   Giving plaintiff the benefit of the earlier date of filing of the original complaint (which did not plead a cause of action for slander of title), these claims were commenced by plaintiff on March 21, 2014, more than three years after the statute of limitations had run.

To the extent the amended complaint can be construed to assert slander or civil conspiracy claims against the HSBC/MERS defendants based on the unsuccessful attempt to plead a foreclosure counterclaim in the later-filed *Shrock* Action, those claims are likewise time-barred.  As indicated above, counsel for HSBC filed the allegedly slanderous motion for leave to submit a belated answer and counterclaim in *Shrock* on February 15, 2013–more than one year prior to plaintiff's commencement of this action on March 21, 2014.

Accordingly, the claims against the HSBC/MERS defendants alleged in plaintiff's First Cause of Action for Civil Conspiracy to Slander Title to the Property, and Seventh Cause of Action for Slander of Title, are dismissed as time barred under the one-year statute of limitations of C.P.L.R. § 215(3).

### B.     Abuse of Process

In his Second Cause of Action, plaintiff alleges that the HSBC/MERS defendants abused the State of Ohio's judiciary and legal processes by submitting the fabricated Assignment documents in the *HSBC/MERS* and *Shrock* Actions and relying on these documents to obtain judgment of foreclosure on the Property, with knowledge that the Assignment was invalid.  *See* Item 48, ¶ 72. To succeed on a claim for abuse of process

under New York law, plaintiff would need to show that these defendants: (1) "initiated regularly issued process, compelling the performance or forbearance of some prescribed act; (2) … acted with a purpose to do harm without social or economic justification; and (3) … sought some advantage or detriment lying outside the legitimate ends of the process." *Levitin v. Miller*, 1994 WL 376078, at *5 (S.D.N.Y. July 15, 1994) (citing *Board of Education v. Farmingdale Classroom Teachers Ass'n*, 380 N.Y.S.2d 635, 639 (1975)).

Like plaintiff's slander claim, the abuse of process claim is subject to the one-year limitations period of C.P.L.R. § 215(3), which began to run upon initiation of the process by filing the allegedly invalid Assignment. *See Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 378 (S.D.N.Y. 2010); *Borison v. Cornacchia*, 1997 WL 232294, at *2 (S.D.N.Y. May 7, 1997). As discussed above, the Assignment was filed in the *HSBC/MERS* Action on February 4, 2010, and in the *Shrock* Action on February 15, 2013. Accordingly, the abuse of process claim in this action, commenced on March 21, 2012, is time-barred.[4]

## C.    Unjust Enrichment

Plaintiff alleges in his Third Cause of Action that the HSBC/MERS defendants have been unjustly enriched because they have retained the money paid on the invalid mortgage and in settlement of the claims in the "false and malicious" *HSBC/MERS* Action. *See* Item 48, ¶¶ 79-85. In New York, "[t]he theory of unjust enrichment lies as a quasi-contract

---

[4]Plaintiff contends that the statute of limitations on his abuse of process claim has not yet run, since the HSBC/MERS defendant continue to take actions in the Ohio courts in pursuit of foreclosure. However, as recognized in *Borison v. Cornacchia*, the continued prosecution of an action does not constitute a "continuing harm" for statute of limitations purposes in an abuse of process claim.  1997 WL 232294, at *2 .

claim.  It is an obligation the law creates in the absence of any agreement." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586–87 (2d Cir. 2006) (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572 (2005)). Thus, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388–89 (1987).

Based on the facts set forth in the amended complaint and pertinent documentation referenced therein, there can be no dispute that plaintiff received the benefit of a substantial loan in exchange for executing the subject Note and Mortgage, which was duly recorded in Franklin County, Ohio in August 2006, and constitutes a contract barring recovery for unjust enrichment.  *See Lum v. New Century Mortg. Co.*, 19 A.D.3d 558, 559–60, 800 N.Y.S.2d 408 (2d Dep't 2005), *cited in Boniel v. U.S. Bank N.A.*, 2013 WL 458298, at *5 (E.D.N.Y. Feb 6, 2013).   Accordingly, because there clearly exists a contractual agreement governing the obligations of plaintiff and the HSBC/MERS defendants at issue in this case, plaintiff cannot maintain a plausible cause claim for unjust enrichment, and the Third Cause of Action must be dismissed for failure to state a claim upon which relief can be granted.

### D.    Fair Debt Collection Practices Act

In his Fourth Cause of Action, plaintiff alleges that by bringing (or attempting to bring) the foreclosure actions against him in Ohio, defendants have violated various provisions of the FDCPA.  *See* Item 48, ¶¶ 94.  This claim must also be dismissed.

15 U.S.C. § 1692k(d) provides that an action to enforce the provisions of the FDCPA must be brought "within one year from the date on which the violation occurs." The one-year period begins to run on "the date when [the consumer] receives an allegedly unlawful communication." *Somin v. Total Community Mgmt Corp.*, 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007). As discussed above, notice of the allegedly unlawful communication giving rise to any FDCPA violation based on the *HSBC/MERS* Action was received by plaintiff, at the latest, when the Assignment documents were filed in February 2010, and with regard to the *Shrock* Action, when the motion for leave to submit a belated answer and counterclaim was filed February 2013.

Accordingly, plaintiff's Fourth Cause of Action for relief under the FDCPA, commenced upon the filing of the original complaint in this action on March 21, 2014, is dismissed as time-barred under 15 U.S.C. § 1692k(d).

### E.    Fair Credit Reporting Act

Plaintiff alleges in his Fifth Cause of Action that defendants violated the FCRA by filing the foreclosure action in the Ohio Court of Common Pleas with the knowledge that the information in the complaint with regard to the character, amount, and legal status of the alleged debt–which defendants knew to be false–would be furnished to the various credit reporting agencies. This claim is also time-barred.

15 U.S.C. § 1681p provides that:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—

(1)  2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2)  5 years after the date on which the violation that is the basis for such liability occurs.

The two-year statute runs from when the plaintiff received "inquiry notice" regarding the defendant's FCRA violation–*i.e.*, "when 'a reasonable [person] of ordinary intelligence would have discovered the existence' of the relevant claim." *Willey v. J.P. Morgan Chase, N.A.*, 2009 WL 1938987, at *5 (S.D.N.Y. July 7, 2009) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998).

As indicated by the discussion above with regard to the accrual of plaintiff's FDCPA claim, it cannot be disputed that a reasonable person of ordinary intelligence would have discovered the existence of a claim for furnishing false information to credit reporting agencies, at the latest, when the allegedly false Assignment documents were filed in the HSBC/MERS foreclosure action in February 2010.  Accordingly, plaintiff's Fifth Cause of Action for relief under the FCRA, commenced upon the filing of the original complaint in this action on March 21, 2014, is dismissed as time-barred under 15 U.S.C. § 1681p.

## F.    Fraud

Finally, in his Sixth Cause of Action, plaintiff alleges that he was defrauded by defendants' "handling and transfer" of the Note and Mortgage.  This claim must be dismissed for failure to plead fraud with particularity, as required by Fed. Rule Civ. P. 9(b).

Rule 9(b) provides simply that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

-20-

The Second Circuit has held that to satisfy this requirement, a complaint must "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989); *see also Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 95 (2d Cir. 2001). While the Rule allows for general allegations with respect to a defendant's state of mind, the Circuit also requires the plaintiff to "specifically plead those events which give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Connecticut Nat. Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987) (internal quotation marks and citation omitted). In addition, where the plaintiff alleges that multiple defendants are potentially implicated in the fraud, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff's fraud claim falls short of these particularity requirements in several respects. Plaintiff simply alleges that, by virtue of the filings in the Ohio foreclosure actions, all of the defendants represented that the assignment of the Note and Mortgage was valid when they knew it was not, and that plaintiff relied on these representations to his detriment. There are no specific allegations with regard to the nature of each defendant's participation in the alleged fraud, the particular representations that are alleged to be fraudulent, the time and place at which the representations were made, or the person or persons responsible for the alleged representations. As the Second Circuit has noted,

"conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Decker v. Massey–Ferguson Ltd.*, 681 F.2d 111, 114 (2d Cir. 1982).

Significantly, plaintiff specifically alleges that he executed the Note and Mortgage (Item 48, ¶¶ 27-28), and voluntarily made payments thereon for several years (*id.* at ¶ 80), and does not deny that he defaulted on his loan obligation. The complaint contains no specific allegations of facts giving rise to a strong inference that, by resorting to the Ohio legal process for foreclosure in order to satisfy that obligation, defendants had the intent to defraud, knowledge of any falsity, or a reckless disregard for the truth.

In the absence of any such allegations, plaintiff's Sixth Cause of Action must be dismissed pursuant to Rule 9(b) for failure to plead fraud with the requisite particularity.[5]

## **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss (Items 49, 51, 53, 55) are granted in their entirety, and the complaint is dismissed with prejudice.

The Clerk of the Court is directed to enter judgment in favor of all defendants.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: February 24, 2015
p:\pending\2014\14-194.feb19.2015

---

[5]"It is true that dismissal under Rule 9(b) is usually without prejudice …." *In re Time Warner Inc. Securities Litigation*, 9 F.3d 259, 266 (2d Cir. 1993). However, in the absence of a specific request for leave to amend in the event of a Rule 9(b) dismissal, *see Caputo v. Pfizer*, Inc., 267 F.3d 181, 191 (2d Cir. 2001)), or circumstances to suggest that a second amended could cure the defects identified, the court's dismissal of the complaint–including the Sixth Cause of Action–is entered with prejudice.